UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN BRANDT,

       Plaintiff,

  v.

ROY ADAMS; ROY M. ADAMS & ASSOCIATES, PLLC;
CONSTANTINE CANNON, LLP; GEORGE R. MAYER;
NELSON J. LASALLE; WILLIAM VILLAFRANCO;
ANTHONY LAPERUTA; PHILIP TEPLEN; and
THE FUND FOR CHILDREN OF THE AMERICAS, INC,

       Defendants.
-----------------------------------------------------------------X

Civ. Action No.: 10-CV-4771

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the accompanying affirmation, attorney for the plaintiff will move this Honorable Court, at the United States District Courthouse, 100 Federal Plaza, Central Islip, New York 11722, at a date and time to be determined by the Court, for an order:

 **(1) DISQUALIFYING** Alan Serrins, from Serrins & Associates, LLC from representation of defendants Roy Adams; Roy M. Adams & Associates, PLLC; George R. Mayor; Nelson J. LaSalle; and Philip Teplen, and

 (2) for such other and further relief as the Court may find just and proper.

**Dated:** Queens, New York
   November 5, 2010

             _____
             Julie Milner (JM1227)
             MILNER LAW OFFICE, PLLC
             Attorney for the Plaintiff
             8302A Broadway, 3rd Floor Suite
             Elmhurst, NY 11373
             Phone: (718) 766-5242

cc: Allan Serrins and A. Owen Glist -(via ECF & email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN BRANDT,

                Plaintiff,

      v.

ROY ADAMS; ROY M. ADAMS & ASSOCIATES, PLLC;
CONSTANTINE CANNON, LLP; GEORGE R. MAYER;
NELSON J. LASALLE; WILLIAM VILLAFRANCO;
ANTHONY LAPERUTA; PHILIP TEPLEN; and
THE FUND FOR CHILDREN OF THE AMERICAS, INC,

                Defendants.
------------------------------------------------------------------X

Civ. Action No.: 10-CV-4771

## AFFIRMATION IN SUPPORT OF MOTION

    I, Julie Milner, under penalty of perjury, do hereby affirm that I am the attorney in good standing representing the plaintiff in the above entitled action, and respectfully submit this affirmation in support of our motion to move this Court to issue an order disqualifying Alan Serrins and Serrins & Associates from representing any defendant in this action because of a material conflict of interest that would seriously prejudice my client, Mr. Brandt, for these reasons:

    1. Alan Serrins is or was an associate of Karasyk & Moschella, LLP, the firm who represented Mr. Brandt many times while he was with the New York Police Department;

    2. Upon information and belief, this was no coincidence as Serrins was more likely than not chosen to represent these defendants so that he could gain access to the plaintiff's personnel files from the NYPD as well as documents pertaining to departmental charges against Mr. Brandt throughout his twenty years on the force;

    3. Serrins' representation of any of these defendants is a violation of DR 5-108 B [see

Exhibit A for text of provision] because Serrins failed to obtain Brandt's consent and did not disclose the conflict; the NYPD matters are substantially related because the plaintiff was induced to retire from the NYPD in order to work for the defendants, and the defendants may attempt to use these prior disciplinary hearings against him in this case; the defendants' interests are materially adverse to the plaintiff; and Serrins, through his association with Karasyk & Moshella, has access to information protected by section DR 4-101 [see Exhibit B for text of provision] that is material to this matter;

4. Pursuant to *People v. Wilkins* (28 N.Y.2d 53, 56; N.Y.S.2d 8; 268 N.E.2d 756 [1971]), for the purposes of disqualification of counsel, knowledge of one member of a law firm will be imputed by inference to all members of that law firm;

5. Pursuant to *Solow v. Grace & Co.* (83 N.Y.2d 303; 610 N.Y.S.2d 128; 632 N.E.2d 437 [1994]), a party opponent is entitled to a presumption of disqualification of an adversary's counsel who has a prior attorney-client relationship with the party, and where former and current representations are adverse and substantially related;

6. There is a strong policy in favor of disqualification to overcome any suggestion of impropriety (*Solow v Grace & Co.*, supra, 83 N.Y.2d at 313).

**Dated:** Queens, New York
November 5, 2010

_____
Julie Milner (JM1227)
MILNER LAW OFFICE, PLLC
Attorney for the Plaintiff
8302A Broadway, 3rd Floor Suite
Elmhurst, NY 11373
Phone: (718) 766-5242

cc: Allan Serrins and A. Owen Glist (via ECF & email)

# EXHIBIT A

**DR 5-108 [1200.27] Conflict of Interest - Former Client.**

B. Except with the consent of the affected client after full disclosure, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

    1. Whose interests are materially adverse to that person; and

    2. About whom the lawyer had acquired information protected by section DR 4-101 [1200.19] (B) that is material to the matter.

# EXHIBIT B

**DR 4-101 [1200.19] Preservation of Confidences and Secrets of a Client.**

A. "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

B. Except when permitted under DR 4-101 [1200.19] (C), a lawyer shall not knowingly:

    1. Reveal a confidence or secret of a client.

    2. Use a confidence or secret of a client to the disadvantage of the client.

    3. Use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure.